Dear Representatives Pope,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following questions:
 1. Is the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control (the "Bureau") authorized to enter into an agreement indemnifying the United States Department of Defense (the "Department") from possible future claims against the Department arising from the use of property, including small arms and ammunition, transferred by gift from the Department to the Bureau for use in counter-drug activities?
 2. Is the Bureau authorized to enter into an agreement indemnifying the Department from possible future claims against the Department arising from the use of property, including small arms and ammunition, transferred by gift from the Department to county sheriffs for their use in counter-drug activities?
 I.
¶ 1 Your first question asks if the Bureau is authorized to enter into an agreement indemnifying the Department from possible future claims against the Department arising from the use of property, including small arms and ammunition, transferred by gift from the Department to the Bureau for use in counter-drug activities.
¶ 2 The National Defense Authorization Act[1] authorizes the Secretary of Defense to transfer to State agencies personal property of the Department, including small arms and ammunition, suitable for use by such agencies in counter drug activities. Prior to such transfer, the Department requires the State, through its designated official or agency, to agree to indemnify the Department for any future liability which might arise against the Department as a result of the transfer.
¶ 3 Your question assumes the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control would be the designated State agency for this purpose. The Bureau is established by 63O.S. 2-102 (1991). The powers and duties of the agency are divided among a seven member Commission,[2] an administrative Director, and commissioned Agents.[3] The Bureau is funded on a fiscal year basis by revenues appropriated from the General Revenue Fund.[4]
¶ 4 For purposes of determining the authority of the Bureau to enter into an indemnity agreement, the definition of indemnity provided in the Oklahoma Statutes will be used.[5]
"Indemnity is a contract by which one engages to save another from legal consequence of the conduct of one of the parties, or of some other person." 15 O.S. 421 (1991).
¶ 5 The balanced budget requirements of the Oklahoma Constitution in Article X, Section 23(5) prohibit State agencies funded by the General Revenue Fund from incurring obligations against such revenues "in excess of the unencumbered balance of cash on hand." Under the question presented, the indemnity agreement proposed by the Department would be for an indefinite term and uncertain in amount. These indemnity terms, by their nature, could result in an obligation against the Bureau "in excess of the unencumbered balance of cash on hand." Therefore, the Bureau is prohibited from entering an agreement, indefinite in term and uncertain in amount, indemnifying the Department from possible future claims which might arise from the use of property, including small arms and ammunition, transferred from the Department to the Bureau for use in counter-drug activities.
 II.
¶ 6 Your second question asks if the Bureau is authorized to enter into an agreement indemnifying the Department from possible future claims against the Department arising from the use of property, including small arms and ammunition, transferred by gift from the Department to county sheriffs for their use in counter drug activities.
¶ 7 The Constitution of Oklahoma at Article X, Section 15(A) provides, in part, "the credit of the State shall not be given, pledged, or loaned to any . . . political subdivision of the State." In Oklahoma, county governments are political subdivisions of the State. Johnston v. Conner, 236 P.2d 987,989 (Okla. 1951). Because "[i]ndemnity is a contract by which one engages to save another from legal consequence of the conduct of one of the parties, or of some other person" (15 O.S. 421
(1991)), such agreement by the Bureau for the benefit of county sheriffs would violate the prohibition in Article X, Section 15(A) of the Oklahoma Constitution. Therefore, the Bureau is prohibited from entering into an agreement indemnifying the United States Department of Defense for possible claims which might arise against it as to property, including small arms and ammunition, transferred by the Department to county sheriffs for their use in counter drug activities.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma State Bureau of Narcotics and Dangerous Drugs Control is prohibited from entering into an agreement, indefinite in term and uncertain in amount, indemnifying the United States Department of Defense from possible future claims which might arise from the use of property, including small arms and ammunition, transferred by gift from the Department to the Bureau for use in counter-drug activities. Okla. Const. Article X, Section 23(5).
 2. The Oklahoma State Bureau of Narcotics and Dangerous Drugs Control is prohibited from entering into an agreement indemnifying the United States Department of Defense from possible future claims against the Department which might arise from the use of property, including small arms and ammunition, transferred by gift from the Department to county sheriffs for their use in counter-drug activities. Okla. Const. Article X, Section 15(A).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN M. CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] Pub.L. 101-189, 1208 (1989), 10 U.S.C. 372 note; amended Pub.L. 102484, 1044 (1992).
[2] 63 O.S. 2-104.1(A) (1995).
[3] The Director and the commissioned Agents are also empowered as peace officers charged to enforce any criminal law of this State. 63 O.S. 2-103(B) (1991), 63 O.S. 2-103(C), 63 O.S.2-106(K); 63 O.S. 2-101(25) (1995).
[4] Oklahoma Session Laws (45th Reg.) 1995, ch. 39, 130 and ch. 236, 12.
[5] Although indemnity may be defined by federal law, in the event the Bureau were to enter such an agreement, it is appropriate to use the definition provided by the Oklahoma Statutes to determine the authority of an agency of State government to enter such an agreement under State law.